| |
|---|
| MICHAEL J. REDENBURG, ESQ. PC <br> Michael Redenburg, Esq. (NY #MR4662) <br> 150 Broadway, Suite 808 <br> New York, NY 10038 <br> Telephone: (212) 240-9465 <br> Facsimile: (917) 591-1667 |

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA JONES, <br><br> Plaintiff, <br> v. <br><br> THE CITY OF NEW YORK, NYPD DETECTIVE CHERYL WEISS (Tax#937719), NYPD DETECTIVE SHANNON (Shield#3188), NYPD SERGEANT SINGH (Shield#3798) <br><br> Defendants. | Complaint <br><br> JURY TRIAL DEMANDED <br><br> Civ. No.: 12-CV-4749 (JBW)(JMA) |

### NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of Plaintiff's rights under the Constitution.

### JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §1331 and §1343.

4. Venue is proper in the district pursuant to 28 U.S.C. §§1391 (b) and (c).

### JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Patricia Jones ("Plaintiff" or "Ms. Jones") is a resident of Kings County in the City and State of New York; and Plaintiff does not have a criminal record.

7. Defendant CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York. It operates the NYPD a department or agency of the defendant CITY OF NEW YORK responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendant herein.

8. Defendant NYPD Detective Cheryl Weiss is a member of the New York City Police Department ("NYPD") who was employed by the NYPD on August 24, 2012. Defendant Weiss was acting under color of state law in her capacity of an agent, servant and employee of defendant CITY OF NEW YORK and the NYPD. Defendant Weiss is sued in both her individual and official capacity.

9. Defendant NYPD Detective Shannon is a member of the NYPD who was employed by the NYPD on August 24, 2012. Defendant Shannon was acting under color of state law in the capacity of an agent, servant and employee of defendant CITY OF NEW YORK and the NYPD. Defendant Shannon is sued in both individual and official capacity.

10. Defendant NYPD Sergeant Singh is a member of the NYPD who was employed by the NYPD on August 24, 2012. Defendant Singh was acting under color of state law in the capacity of an agent, servant and employee of defendant CITY OF NEW YORK and the NYPD. Defendant Singh is sued in both individual and official capacity.

11. At all relevant times herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. The Plaintiff, Patricia Jones, is a 52 year old woman who resides in the County of Kings, City and State of New York.

13. Plaintiff is gainfully employed by Fresenius Medical Care as a Dialysis Technician.

14. In the incident, the defendants' search warrant for the apartment in question was issued upon the basis of extremely unreliable information, and the police did not follow NYPD policies and procedures in obtaining and executing such a warrant. Revised NYPD policies and procedures were instituted after the tragic death of Alberta Spruill during a raid in Harlem in May 2003, to ensure the reliability of the NYPD's information before obtaining and executing search warrants.

15. In the early morning hours of August 24, 2012, Plaintiff was lawfully present in her boyfriend's apartment located at 49 Crown Street, Apartment 18E, Brooklyn, NY 11225.

16. Defendants broke down the door of said apartment - stormed into the apartment and began to ransack the apartment.

17. Defendants did not have even arguable probable cause to arrest Ms. Jones.

18. Despite the fact that Plaintiff was not found in possession or constructive possession of any contraband allegedly found in the apartment, defendants falsely arrested Plaintiff anyway.

19. After Plaintiff was handcuffed and falsely arrested, she was thrown into a police van.

20. Thereafter, defendants drove the police van around the neighborhood for close to 5 hours as the defendants arrested other individuals.

21. Plaintiff was eventually taken to the police precinct where she was fingerprinted and photographed. She remained at the precinct for approximately 3 hours.

22. Defendants then falsely informed employees of the Kings County District Attorney's Office that they had observed Plaintiff in possession of marijuana and in possession of a controlled substance.

23. At no point did defendants observe Plaintiff possess marijuana or a controlled substance.

24. Defendants fabricated these statements and prepared these documents in an effort to cover-up their unlawful search and arrest of Plaintiff.

25. After spending approximately twenty-two hours in Brooklyn Central Booking, Ms. Jones was arraigned in Kings County Criminal Court.

26. At Plaintiff's arraignment, the matter was adjourned in contemplation of dismissal.

27. As a result of her false arrest, Plaintiff lost a day from work and suffered lost income of approximately $250.00.

28. Plaintiff suffered damages as a result of defendant's actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, lost income and damage to her reputation.

### FIRST CLAIM
### *FALSE ARREST/FALSE IMPRISONMENT*

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Defendants NYPD Detective Cheryl Weiss and NYPD Detective Shannon violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

31. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### *UNLAWFUL STOP AND SEARCH*

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. Defendants NYPD Detective Cheryl Weiss and NYPD Detective Shannon violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

34. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### *FAILURE TO INTERVENE*

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Defendants NYPD Detective Cheryl Weiss, NYPD Detective Shannon and NYPD Sergeant Singh all had a reasonable opportunity to prevent the violations of Plaintiff's constitutional rights, but they failed to do so by failing to intervene.

37. Accordingly, each of the aforementioned individually named defendants are liable to the Plaintiff under the Constitution for not intervening to prevent the violation of her rights.

## FOURTH CLAIM
### *1983 "MONELL" CLAIM*

38. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth herein.

39. Upon information and belief, it was the custom, policy and practice of THE CITY OF NEW YORK to tolerate, condone and encourage constitutional violations, such as those alleged by Plaintiff above, by failing to properly punish, charge, reprimand and investigate allegations and incidents of police misconduct.

40. Employees of the THE CITY OF NEW YORK such as the individually named defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct.

41. THE CITY OF NEW YORK revised its written policies and procedures to ensure the reliability of the NYPD's information before obtaining and executing search warrants following the tragic death of Alberta Spruill during a raid in Harlem in May of 2003.

42. THE CITY OF NEW YORK is aware of the problems which exist concerning the reliability of the NYPD's information which is subsequently used to obtain and execute search warrants, but has acted, and continues to act, with deliberate indifference, which directly and proximately caused Plaintiff's injuries.

43. Employees of the CITY OF NEW YORK such as the individual defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct and further that they would be indemnified from civil liability regardless of the illegality or unconstitutionality of their actions.

44. By failing to supervise, train and reprimand such Police Officers, THE CITY OF NEW YORK caused the injury to Plaintiff through the actions and inactions of the individual defendants.

45. By maintaining a *de facto* policy of automatic indemnification, THE CITY OF NEW YORK caused the injuries to Plaintiff through the actions and inactions of the individual defendants.

46. Upon information and belief, it was the custom, policy and practice of THE CITY OF NEW YORK to authorize and permit certain police officers, including the individually named defendants to cause the search and seizure of the person of Plaintiff despite the lack of a proper warrant supported by a proper affidavit; despite the lack of even arguable probable cause and despite any cognizable legal justification.

47. Upon information and belief, this custom, policy and practice of THE CITY OF NEW YORK encouraged and caused the constitutional violations by Defendants NYPD Detective Cheryl Weiss, NYPD Detective Shannon and NYPD Sergeant Singh, who were/are employed by THE CITY OF NEW YORK, including the violations of Plaintiff's constitutional rights by the individual defendants.

48. THE CITY OF NEW YORK'S failure to take action against its police officers involved in this incident and in other countless similar incidents was, and continues to be, part of a custom, practice and procedure of neglect and deliberate indifference that directly caused the injuries to Plaintiff.

49. As the authorized representative of the defendants, THE CITY OF NEW YORK, the officer's conduct of illegal arrests, searches and seizures of arrestees, such as the Plaintiff, constitutes a custom, policy and practice which renders the defendant, THE

CITY OF NEW YORK, liable to Plaintiff as a "Person" acting under the color of state law.

50. These customs, policies and practices were enforced by defendants NYPD Detective Cheryl Weiss, NYPD Detective Shannon and NYPD Sergeant Singh, and were the moving force, proximate cause and affirmative link behind the conduct causing Plaintiff's injuries.

51. THE CITY OF NEW YORK is therefore liable for violations of Plaintiff's constitutional rights as caused by defendants NYPD Detective Cheryl Weiss, NYPD Detective Shannon and NYPD Sergeant Singh as described in more detail in the foregoing paragraphs of the Complaint; and the Plaintiff has suffered damages therefrom.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

a. Compensatory damages against all defendants, jointly and severally;

b. Punitive damages in an amount to be determined by a jury;

c. Reasonable attorneys' fees and costs pursuant to 28 U.S.C. §1988; and

d. Such other relief as this Court shall deem just and proper.

Dated:   March 11, 2013
         New York, NY

s/ _____
Michael J. Redenburg (NY #MR4662)
MICHAEL J. REDENBURG, ESQ. PC
150 Broadway, Suite 808
New York, NY 10038
mredenburg@mjrlaw-ny.com
1-212-240-9465 (Phone)
1-917-591-1667 (Fax)